Taliaferro, J.
The plaintiff sues defendants on a policy of insurance against loss by fire, and claims $1900, the entire amount of the policy, alleging a total loss and destruction by fire of the building and premises insured. The defendants answer that they issued the policy at’ the instance of Theodore Bader, a merchant in good standing in the city who was in tlie habit of taking out insurances for various persons, and witli customers of that kind it was the practice to collect the premiums at the end of each month; that when Bader was called upon to pay the premium he referred them to plaintiff who declined paying it, saying that her agent must have paid it; that afterwards calling on Bader and informing him of the failure of the plaintiff to make payment, he advised them to cancel the policy which they accordingly did. They contend that they are no longer bound, the policy being canceled by the authority of the plaintiff’s agent. Judgment was rendered in favor of the plaintiff and the defendants have appealed.
Where a policy of insurance is issued without prepayment of the premium, the inference is that the insurers intended to extend a credit for its payment. We do not think that it was at the option of the company to cancel the policy. They had the right to claim a dissolution of the contract for non-payment of the premium upon putting the other party in mora. Neither do we think that Bader can be considered as an agent of the plaintiff clothed with power to consent to the annulment of the policy. It is clear we think, that Bader had no agency in the business further than to apply at the request of the plaintiff for a renewal of the policy, the previous one having expired. No payment was demanded of him. The polioy was not delivered to him and ho was without further instructions or authority from the plaintiff than to request a renewal of the policy.
*114 An examination of the evidence inclines us to believe there is error in the decree of the lower court in regard to the value of the property. One witness puts its value at $2200; another, at from $1800 to $2000; a third, at $1800; this witness appraised the property in July, 1869 ; he put the entire property, lot and building at $1800. He was of the opinion that the improvements alone, separately from the lot of ground, were worth $1000. Assuming a medium estimate from the several amounts fixed by the witnesses, $2000 may be taken for the value of the entire property. From this sum deduct $800, the price for which the naked lot sold after the fire, there are then $1200 left, from which should be deducted $38, the unpaid premium and the remainder then is $1162, the amount for which judgment should be rendered.
It is therefore ordered that the judgment of the lower court decreeing the plaintiff entitled to fourteen hundred dollars, be annulled and set aside, and it is now ordered that the plaintiff recover from the defendant the sum of eleven hundred and sixty-two dollars with legal interest from judicial demand and costs of suit, the plaintiff and appellee paying costs of this appeal.